UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

James R. Schultz,

Petitioner,

v.

Hoyt A. Brill,

Respondent.

Civil No. 00-1381 ADM/AJB

**ORDER ON MOTION FOR SUBSTITUTION, MOTION TO ENLARGE TIME TO RESPOND, MOTION FOR TEMPORARY RESTRAINING ORDER, AND MOTION FOR JUDICIAL NOTICE**

This matter is before the Court on motion to substitute Jon E. Litscher, Secretary of the Wisconsin Department of Corrections, in place of Hoyt A. Brill, Warden at Prairie Lakes Correctional Facility, as respondent in this action. Litscher also requests additional time in which to respond to the petition. Petitioner's has moved for temporary restraining order and has submitted a "Motion for Court to Take Judicial Notice."

**IT IS HEREBY ORDERED THAT:**

1. Litscher's Motion to Substitute Respondent is **denied**. [Docket No. __]. **It is Further Ordered** that Jon E. Litscher, Secretary of the Wisconsin Department of Corrections, and Hoyt Brill, Warden at Prairie Correctional Facility, shall be named as co-respondents in this matter. Michael D. Oeser, Wisconsin Assistant Attorney General, shall be the designated counsel of record on behalf of respondent Litscher upon filing and acceptance of a fully executed Petition for Admission *Pro Hac Vice*. All notices and pleadings shall be served upon both respondents.

Litscher has moved to substitute himself as the named respondent in this case in



FILED JUL 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

place of Hoyt Brill. Litscher is the Secretary of the Wisconsin Department of Corrections, and Brill is the Warden at Prairie Correctional Facility. Federal case law consistently indicates that the proper respondent in a habeas corpus proceeding normally will be the warden at the facility where the petitioner is confined. See McCoy v. U.S. Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976) ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated"). Following that general rule here, the Court will not allow Jon E. Litscher to replace Hoyt Brill as the named Respondent. However, Litscher likely qualifies as petitioner's legal "custodian," and he has an interest in these proceedings, in light of the underlying basis for petitioner's incarceration being a State of Wisconsin conviction and sentence. Therefore, the Court will order that Litscher become an additional respondent in this case, and that henceforth Brill and Litscher shall appear as co-respondents.[1]

2. Respondent Litscher's Motion to Enlarge Time to Make Return is **granted** [Docket No. __]. Respondents shall have until August 7, 2000, to submit written argument in opposition to the Petition for a Writ of Habeas Corpus submitted by petitioner. The return shall certify the true cause of petitioner's present detention and shall further show cause why the writ should not be granted. The return shall address all issues raised in the petition and shall be accompanied by additional argument and supporting materials as required pursuant to the Court's Order dated June 14, 2000.

3. Petitioner's Motion for a Temporary Restraining Order is **denied** [Docket No.

[1] As a practical matter, the Court notes that the legal analysis and final outcome of this case will not be determined or affected by who is named as respondent.

3]. The motion is substantially a subjective statement of petitioner's beliefs regarding the matters relating to his confinement and provides minimal factual or legal basis for issuance of a temporary restraining order. Furthermore, petitioner's motion essentially seeks premature determination on the merits of various claims raised in his petition and on the basis of verified facts available to the Court there does not clearly appear that the petitioner will suffer immediate and irreparable harm prior to the time by which respondent is required to respond to the petition. Fed. R. Civ. P. 65(b).

4. Petitioner's Motion for Court to Take Judicial Notice Pursuant to Federal Rules of Evidence, Rule 201 is **denied** [Docket No. 6]. Defendant asks the Court to take judicial notice of various items which include statements of fact, assertions of law, and argument. With respect to any adjudicative facts asserted in the motion, the Court can adequately determine whether particular matters are material and disputed upon submission of the return and any written response to the return. With regard other assertions put forth in the motion, the Court finds that the statements clearly constitute disputed matters of fact or law and are not appropriate subjects of judicial notice under Fed. R. Evid. 201.

Dated: 7/6/00

Arthur J. Boylan
United States Magistrate Judge