UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES R. SCHULTZ,

Petitioner,

v.

HOYT A BRILL, Warden,
Prairie Correctional Facility, and
JON E. LITSCHER, Secretary,
Wisconsin Department of Corrections,

Respondents.

Civil File No. 00-1381 (ADM/AJB)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus, brought under 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that this action be dismissed without prejudice.

## I. BACKGROUND

On April 19, 1986, a Wisconsin state court jury found Petitioner guilty of first degree murder, for killing his wife. He was sentenced to life in prison. Petitioner challenged his conviction in a series of state court appeals and post-conviction proceedings, but all of those efforts proved unsuccessful. In 1996, Petitioner filed a federal habeas corpus petition in the U.S. District Court for the Western District of Wisconsin, seeking relief under 28 U.S.C. § 2254. The federal court summarily denied Petitioner's habeas corpus application "with prejudice and without argument." (Petitioner's "Statement Of The Case," [Docket No. 49], at p. 11.) His request for a certificate of appealability was denied by the

FILED OCT 11 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

District Court, and the Seventh Circuit Court of Appeals declined his subsequent request for leave to appeal. Id. The U.S. Supreme Court denied Petitioner's application for a writ of certiorari, as well as a subsequent motion for rehearing. (Id.; In re Schultz, 525 U.S. 807 (1998); In re Schultz, 525 U.S. 1172 (1999).)

It appears that Petitioner served his prison sentence in one or more of the correctional facilities operated by the State of Wisconsin until March 2000, when Wisconsin prison officials decided to transfer him to the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota.[1] A few months after arriving at PCF, Petitioner commenced the present action by filing a self-styled "Petition For A Writ Of Habeas Corpus," which challenged the legality of his transfer to PCF. (Docket No. 1.) He did not list any specific legal grounds in support of his request for habeas relief, but instead submitted a rambling collection of complaints about the conditions of his confinement at PCF. In his prayer for relief he asked for a court order that would "discharge him from the custody of the respondent" -- namely the warden at PCF. (Petition, [Docket No. 1], p. 17.)

Because Petitioner identified his pleading as a habeas corpus petition (rather than a civil rights complaint), and he appeared to be seeking an outright release from custody, the Court directed the Respondent to file a return demonstrating the legality of Petitioner's confinement, and addressing the issues raised in the petition. (Order to Show Cause

---

[1] Petitioner is one of many Wisconsin prison inmates who have been transferred to out-of-state prison facilities during the past year or so. Because of overcrowding in its own facilities, the Wisconsin Department of Corrections has made contractual arrangements with institutions in other states to provide housing for Wisconsin inmates. PCF, a private prison operated by the Corrections Corporation of America, ("CCA"), is one of the facilities that has agreed to accept and house Wisconsin prisoners.

dated June 14, 2000, [Docket No. 4].) Before Respondent's return was filed, Petitioner filed a motion seeking leave to file an "addendum" to his original petition. (Docket No. 12.) The proposed addendum was submitted with that motion. (Docket No. 13.) It is readily apparent that Petitioner's "addendum" is nothing less than an amended habeas petition that raises an entirely new set of claims.[2] In his addendum -- or amended petition as it will be referred to hereafter – Petitioner does not challenge the legality of his transfer to PCF, but instead challenges the validity of his original state court criminal conviction.[3] He claims that (1) his conviction is invalid because it followed an illegal arrest; (2) his conviction was based on evidence obtained pursuant to an illegal arrest; (3) his conviction was based on evidence obtained pursuant to an unconstitutional search and seizure; (4) the jury that convicted him was "unconstitutionally impaneled;" (5) his constitutional rights to due process and to confront witnesses were violated during the course of his trial; (6) he was

---

[2] Although the "addendum" was not submitted on any pre-printed form, it is clearly patterned after the prescribed form for a habeas corpus petition filed under 28 U.S.C. § 2254.

[3] In the motion that accompanied the amended petition, (Docket No. 12), Petitioner claims that he "is not trained in the law [and therefore] did not know he could challenge his criminal conviction on habeas in this district before this Court issued its Order [to Show Cause], dated June 14, 2000." Petitioner's motion goes on to explain that "[s]ince this Court Ordered a return addressing all issues – those conditions of confinement as well as relating to petitioner's judgment of conviction, petitioner believes he is entitled to have all Constitutional issues raised that petitioner was deprived of throughout the course of his arrest, trial, conviction and post-conviction proceedings." Petitioner's interpretation of the Order to Show Cause is clearly erroneous. That order did <u>not</u> require the Respondent to address the validity of Petitioner's original criminal conviction; Respondent was directed to address only the lawfulness of petitioner's current incarceration at PCF in light of the issues raised in the original petition, which pertained solely to the prison transfer. There is nothing in the order that indicates Petitioner should be allowed to challenge his underlying criminal conviction in this action.

deprived of the "constitutional privilege against self-incrimination;" (7) he received ineffective assistance of counsel, because his attorney did not challenge the adequacy of the criminal complaint filed against him; (8) he received ineffective assistance of counsel on direct appeal; and (9) he has been deprived of his constitutional right of access to the courts during the course of his various direct appeals and post-conviction proceedings. (Amended petition, [Docket No. 13], pp. 11-18.)

Shortly after Petitioner filed his amended petition challenging the validity of his conviction, Respondent filed a motion to dismiss, which responded only to the original petition. (Docket No. 22.) Respondent argued, inter alia, that Petitioner was not entitled to habeas corpus relief because he was not challenging the validity of his confinement, but only the conditions of his confinement. ("Respondent's Brief," [Docket No. 23], pp. 6-11.)

After Petitioner filed his amended petition, he abandoned the challenge to his prison transfer that he had raised in his original petition. All of his post-amendment submissions pertain only to the challenges to his conviction that were raised in his amended petition. (See Docket Nos. 14, 15, 18, 42, 43, and 49.) Petitioner apparently recognized, however, that despite his own fixation on the claims raised in the amended petition, Respondent did not intend to address the validity of his underlying criminal conviction.[4] Therefore, in an apparent effort to focus attention on his attack on his conviction, Petitioner filed a motion to "strike" the original petition and its "conditions of confinement issues." (Docket No. 37.) That motion confirms that Petitioner has presently abandoned the claims raised in his

---

[4] It should be noted that Respondent was never ordered to file a response to the amended petition.

original petition, and that he is now seeking habeas relief based solely on the challenges to his conviction that are raised in his amended petition.

When it became clear from Petitioner's motion to strike that he was abandoning the claims raised in his original petition, in favor of the claims raised in his amended petition, Respondent filed another motion, (Docket No. 48), this time asking that this action be dismissed as a "successive petition," or in the alternative, that it be transferred to the U.S. District Court for the Western District of Wisconsin, (the district in which Petitioner's state criminal conviction occurred). For the reasons discussed below, it will be recommended that Respondent's most recent motion be granted, and that this action be dismissed without prejudice.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive petitions.[5] Under these new rules, a district court

---

[5] 28 U.S.C. § 2244(b) now provides as follows:

> "**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A); see also Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

---

> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Because the amended petition now before this court is Petitioner's second application for federal habeas corpus relief with respect to his 1986 Wisconsin state court murder conviction, it must be viewed as a "second or successive petition" for purposes of § 2244(b). As such, the amended petition cannot be entertained without pre-authorization from the appropriate Court of Appeals.[6] Because Petitioner has not shown this Court that he has obtained such pre-authorization, his amended petition must be dismissed for lack of jurisdiction. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, ___ F.Supp.2d ___, (N.D.Iowa July 27, 2000), 2000 WL 1059654 at *3-4; Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).[7]

---

[6] The "appropriate" Court of Appeals in which to seek a pre-authorization order presumably would be the court for the circuit in which the Petitioner hopes to be allowed to file his successive petition. If Petitioner intends to file a § 2254 petition challenging his conviction here in Minnesota, then he will have to get a pre-authorization order from the Eighth Circuit. If he intends to file such a petition in the Western District of Wisconsin, (which this Court would strongly recommend; see discussion at pp. 8-9, infra), then he will have to get his pre-authorization from the Seventh Circuit.

[7] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. First, it is not clear which Court of Appeals might be the appropriate one to consider a motion for a pre-authorization order. (See n. 6, supra.) Furthermore, no Court of Appeals will authorize the filing of another habeas petition in a district court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, no Court of Appeals could -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes far more sense to dismiss the present action (without prejudice) and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals of his choosing, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition under § 2254.

It will be recommended that the petition be dismissed without prejudice, so that Petitioner can re-file his application for habeas corpus relief, (in a new action), if he is able to secure a pre-authorization order from the appropriate Court of Appeals as required by § 2244(b)(3)(A). However, Petitioner should carefully note that no district court will entertain any future § 2254 habeas petition challenging his 1986 Wisconsin murder conviction, unless such petition is accompanied by a pre-authorization order from the appropriate Court of Appeals.

Before seeking a pre-authorization order, Petitioner will have to consider where he would intend to file his next habeas petition -- if pre-authorization is granted. (See n. 6, supra.) As long as Petitioner is incarcerated here in Minnesota, he will be able to seek habeas relief in this district, (subject, of course, to the pre-authorization requirement). See Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"). If, however, after obtaining a pre-authorization order, Petitioner again seeks to challenge his Wisconsin criminal conviction in a habeas petition filed here, the action will almost certainly be transferred to the Western District of Wisconsin, because that appears to be the most appropriate venue for such an action. Petitioner was arrested, tried and convicted in Wisconsin, and that State's Department of Corrections remains ultimately responsible for his custody. Therefore, any future § 2254 petition challenging Petitioner's murder conviction should be litigated in Wisconsin. See Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District Court of South Dakota to the

District Court of Montana, because Montana – the place of conviction – was the preferable venue); see also Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation"); Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (habeas petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada). Thus, it seems that the wisest course for Petitioner to follow would be to seek a pre-authorization order from the Seventh Circuit Court of Appeals, and then -- if pre-authorization is granted -- file his § 2254 petition in the Western District of Wisconsin.

Finally, the Court notes that the claims that Petitioner attempted to raise in his original petition, challenging the legality of his transfer to PCF and/or the conditions of his confinement there, have not been addressed on the merits, because they were abandoned by the filing of the amended petition and the motion to strike. This means, (at least theoretically), that Petitioner could still pursue such claims in some future action(s). If Petitioner elects to do that, however, he should bear several matters in mind.

First, if Petitioner believes that his transfer to PCF, by itself, somehow causes his continuing custody to be unconstitutional, and he believes he is therefore entitled to an outright release from custody solely because of the transfer, he may seek relief under 28 U.S.C. § 2241. If he elects to pursue such an action, he should use the form prescribed for § 2241 habeas petitions filed in this district, and he should clearly identify and explain

each separate constitutional claim that he is attempting to raise.[8]

Petitioner should also recognize that if he is not challenging the constitutional validity of his confinement, but is challenging only the constitutionality of the conditions of his confinement, his proper remedy is a civil rights action brought under 42 U.S.C. § 1983, not a habeas corpus petition. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). If Petitioner should ever elect to file a civil rights action in this district, he should pay particular attention to (i) the exhaustion of administrative remedies requirement, (42 U.S.C. § 1997e(a)), and (ii) the prisoner filing fee requirements, (28 U.S.C. § 1915(b)).[9]

---

[8] While the Court does not mean to discourage Petitioner from pursuing any legitimate constitutional claims, he must recognize that a prison transfer alone does not violate the Constitution – even if the new prison offers far fewer privileges and amenities. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Petitioner should note that several other Wisconsin prisoners have recently attempted to challenge their transfers to PCF, and, as far as the Court can tell, not one has been successful. (See Adams v. Brill, Civil No. 00-106 (ADM/JGL); Gilpin v. Brill, Civil No. 00-394 (DSD/FLN); Bates v. Brill, Civil No. 00-255 (DWF/RLE).)

[9] Petitioner has filed a motion, (Docket No. 18), seeking access to certain legal materials that he purportedly needed in order to maintain the habeas claims raised in his amended petition. Given the Court's conclusion that Petitioner cannot challenge the validity of his Wisconsin criminal conviction in the present action, he obviously will not need the legal materials in question for this case. His motion for access to such legal materials will therefore be denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's "Motion To Allow Petitioner To Submit An Addendum," (Docket No. 12), be GRANTED; that Petitioner's "Motion to Strike," (Docket No. 37), be GRANTED; that Petitioner's original habeas corpus petition, (Docket No. 1), be stricken; and that Petitioner's "Addendum," (Docket No. 13), be addressed as an Amended Petition.

2. Respondents' motions to dismiss this action, (Docket Nos. 22 and 48), be GRANTED;

3. Petitioner's "Motion For An Order Compelling Respondent Brill To Allow Petitioner Multiple Boxes Of Legal Materials While This Action Is Pending Before The Court," (Docket No. 18), be DENIED; and

4. This action be DISMISSED WITHOUT PREJUDICE.

Dated: October 10th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.