UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Schultz,

Petitioner,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1381 ADM/AJB

Hoyt A. Brill, Warden,
Prairie Correctional Facility,
and Jon E. Litscher, Secretary,
Wisconsin Department of Corrections,

Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge pursuant to Petitioner's Objection to the October 10, 2000 Report and Recommendation ("R&R") of United States Magistrate Judge Arthur J. Boylan [Doc. No. 50]. The R&R recommends that Petitioner's action be dismissed without prejudice. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for the purposes of the present objections.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C) and

NOV 1 5 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD NOV 1 5 2000
DEPUTY CLERK

72.1(c)(2).

In 1996, Petitioner filed a federal habeas corpus petition seeking relief under 25 U.S.C. § 2254. This petition was denied "with prejudice and without argument" by the United States District Court for the Western District of Wisconsin. After being transferred to the Prairie Correctional Facility ("PCF") in March, 2000, Petitioner filed a pleading, which he identified as a habeas corpus petition, challenging the legality of his transfer to PCF and seeking outright release from custody. He subsequently filed an "addendum" to this petition challenging the validity of his original conviction.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") expressly forbids the filing of a second or successive habeas corpus petition under § 2254 unless a prisoner has first obtained authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner already has sought relief under §2254, he is precluded from doing so again unless pre-authorized by the Eighth Circuit Court of Appeals. *See Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals before a district court may consider a second or successive application for habeas corpus relief). Because the amended petition before this Court is Petitioner's second application for federal habeas corpus relief regarding his 1986 Wisconsin state court murder conviction, it is a "second or successive" petition under § 2244(b). Thus, absent pre-authorization from the Eighth Circuit Court of Appeals, Petitioner's amended petition must be dismissed for lack of jurisdiction. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Petitioner claims he filed his second pleading pursuant to 28 U.S.C. § 2241, and raised issues to both his confinement as well as the validity of his conviction. However, if Petitioner is raising confinement issues and is not challenging the validity of his conviction, then a writ of

habeas corpus is an improper remedy. *See Kruger v. Erickson,* 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973)). Complaints involving the conditions of his confinement are usually reserved for § 1983 claims. Petitioner may not raise confinement issues in a § 2241 petition. Moreover, Petitioner already had a reasonable opportunity to challenge his conviction under his earlier § 2254 petition. Therefore, he may not challenge the validity of his sentence in a habeas corpus petition brought under § 2241 without pre-authorization from the Eighth Circuit Court of Appeals.

Judge Boylan's cautions to Petitioner about adhering to the legal requirements in possible subsequent causes of action should be heeded.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The October 10, 2000 R&R of Magistrate Judge Boylan [Doc. No. 50] is adopted in its entirety;
2. Petitioner's "Motion to Allow Petitioner to Submit An Addendum" is **GRANTED**; Petitioner's "Motion to Strike" is **GRANTED**; Petitioner's original habeas corpus petition is **STRICKEN**; Petitioner's "Addendum" is addressed as an amended petition;
3. Respondents' motion to dismiss this action is **GRANTED;**
4. Petitioner's "Motion for An Order Compelling Respondent Erill To Allow Petitioner Multiple Boxes Of Legal Materials While This Action Is Pending The Court" is **DENIED;** and
5. This action is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.