**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James R. Schultz,

Petitioner,

v.

**ORDER**
Civil No. 00-1381 ADM/AJB

Hoyt A. Brill, Warden,
Prairie Correctional Facility,
and Jon E. Litscher, Secretary,
Wisconsin Department of Corrections,

Respondents.

---

## INTRODUCTION

In April 1986, a Wisconsin state court jury found Petitioner guilty of first degree murder for killing his wife and he was sentenced to life in prison. Petitioner unsuccessfully challenged his conviction in a series of state court appeals and post-conviction proceedings. In 1996, Petitioner filed a federal habeas corpus petition in the U.S. District Court for the Western District of Wisconsin, seeking relief under 28 U.S.C. § 2254. That federal court summarily denied Petitioner's habeas corpus application with prejudice. The court also denied his request for a certificate of appealability and the Seventh Circuit declined his subsequent request for leave to appeal. The U.S. Supreme Court denied Petitioner's application for writ of certiorari, as well as a subsequent motion for rehearing. *See In re Schultz*, 525 U.S. 807 (1998); *In re Schultz*, 525 U.S. 1172 (1999).

A few months after his transfer from a Wisconsin Department of Corrections Facility to Prairie Correctional Facility ("PCF") in Appleton, Minnesota, Petitioner filed a "Petition for Writ of Habeas Corpus" [Doc. No. 1] with this Court, challenging the legality of his transfer to PCF and seeking an outright release from custody. Subsequently, Petitioner filed an "addendum" to

JAN 11 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

that petition challenging the validity of his original conviction. In a Report and Recommendation ("R&R") dated October 11, 2000 [Doc. No. 50], Magistrate Judge Boylan recommended that Petitioner's action be dismissed. After considering Petitioner's objections to Judge Boylan's R&R, this Court adopted the R&R and dismissed the action with prejudice in a Memorandum Opinion and Order dated November 15, 2000 [Doc. No. 51].

On December 4, 2000, Petitioner filed a Notice of Appeal [Doc. No. 54] from the Memorandum Opinion and Order [Doc. No. 51]. Eleven days later, Petitioner filed a "Request for Certificate of Appealability" [Doc. No. 55], as required by 28 U.S.C. § 2253. For the reasons set forth below, Petitioner's request for a Certificate of Appealability is denied.

**DISCUSSION**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first obtaining a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A COA will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d

565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998)). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*).

Here, Petitioner asserts that a COA should be granted with respect to several issues. First, Petitioner makes various assertions that the Court failed to follow the Federal Rules of Civil Procedure when it required Petitioner to show cause why his petition should not be dismissed, required Petitioner to request permission before submitting his pleadings, and dismissed Petitioner's initial petition while he requested only the "conditions of confinement" portion be dismissed from the mixed petition. *See* Request for COA [Doc. No. 55]. Simply put, these assertions do not constitute a substantial showing of the denial of a constitutional right. Petitioner has not identified any genuine procedural error, and certainly not one of constitutional dimensions.

Second, Petitioner argues that he has not received any evidentiary proceedings on any of the issues raised in his petition relevant to his criminal conviction. *Id.* Petitioner presents a laundry list of specific claims, that his arrest was contrary to the Fourth Amendment, evidence was seized contrary to the Fourth Amendment, that he was denied his right to a jury selected from a representative cross-section of the community, that he was denied his right to confront witnesses at trial, that he had ineffective assistance of counsel, that he was denied a fair trial, and that he "was deprived of the right to be charged and tried on the truth." *Id.*

Finally, Petitioner submits that he "is actually innocent." *Id.* Petitioner argues that he "was convicted to cover-up the negligent actions of the first law enforcement officer at the scene; had the first officer on the scene performed CPR on petitioner's wife, she would still be alive."

*Id.* Petitioner avers that he "was attempting to rescue his wife when he also succumbed to carbon monoxide exposure." *Id.* Essentially, Petitioner is using yet another habeas corpus petition to challenge the validity of his 1986 conviction.

To the extent that Petitioner is seeking to challenge the sufficiency of the evidence upon which he was convicted, he must meet the very high standard of demonstrating that no rational trier of fact could have found him guilty based on the evidence presented at trial. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir. 1996) ("the standard to be applied to determine the sufficiency of the evidence is a strict one, and the finding of guilt should not be overturned lightly"). Petitioner has failed to make a showing that no rational jury could have found him guilty based on the evidence presented at trial.

When a federal court reviews a habeas corpus petition, the state trial court's determinations may only be overturned for "manifest error." *Swindler v. Lockhart*, 885 F.2d 1342, 1347 (8th Cir. 1989) (state trial court's determinations receive a presumption of correctness); *Perry v. Lockhart*, 871 F.2d 1384, 1390 (8th Cir.1989). Moreover, if the federal claims made in habeas corpus petitions have not been presented to the state courts, such claims are procedurally barred in federal court and must be dismissed. *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989), *cert. denied*, 497 U.S. 1006 (1990); *Johnson v. Norris*, 170 F.3d 816, 817 (8th Cir. 1999). The many courts, including the Wisconsin state appellate courts, the U.S. District Court for the Western District of Wisconsin, the Seventh Circuit, and the U.S. Supreme Court, which have reviewed motions filed by Petitioner, are alleged to be uniformly in error. This Court agrees with each of the other courts who have examined Petitioner's arguments. The issues Petitioner raises are not debatable among reasonable jurists, different courts could not

resolve the issues differently, and the issues do not deserve further proceedings. *See Flieger*, 16 F.3d at 882-83. In sum, Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's request for a COA is denied.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Petitioner Schultz's Request for Certificate of Appealability is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: 1/11/01