**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James R. Schultz,

Petitioner,

v.

Hoyt A. Brill, Warden,
Prairie Correctional Facility, and
Jon E. Litscher, Secretary,
Wisconsin Department of Corrections,

Respondents.

Civil No. 00-1381 (ADM/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 57.) Petitioner, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, is attempting to appeal the Court's denial of his petition for a writ of habeas corpus. (Order dated November 15, 2000, [Docket No. 51].)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams,

FILED MAR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

490 U.S. 319, 325 (1989).

Petitioner's IFP application shows that his only source of income is a prison job that apparently pays only a nominal wage. The IFP application further shows that Petitioner has a balance of only $2.72 in his prisoner trust account at Prairie Correctional Facility, and he has no other assets of significance. Although he purportedly has a prison account in Wisconsin, the funds in that account apparently are not available to him at this time. Based on this information concerning his financial situation, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court does not believe that Petitioner has any meritorious grounds for an appeal,[1] the Court is not prepared to say that Plaintiff's appeal is "frivolous," as that term has been defined by the Supreme Court. Plaintiff's appeal is therefore found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

Accordingly, Plaintiff's IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 57), is GRANTED.

Dated: March 15, 2001

Ann D. Montgomery
United States District Court Judge

[1] The Court has already determined that Petitioner is not entitled to a certificate of appealability, as required by 28 U.S.C. § 2253(c), because he has not "made a substantial showing of the denial of a constitutional right." (Order dated January 11, 2001, [Docket No. 58].)